IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
June 5, 2019 Session

## BRENDA HAMBLIN PROCTOR v. MICHAEL OWEN PROCTOR

**Appeal from the Chancery Court for Dickson County**
**No. 9702-05           David D. Wolfe, Chancellor**

_____

**No.  M2018-01757-COA-R3-CV**
_____

More than ten years after the final decree was entered in this divorce action, Wife filed a contempt action to enforce a provision in the marital dissolution agreement, which had been incorporated into the final decree.  Husband filed a separate breach of contract action to recover amounts that he had paid on Wife's behalf when the parties resumed living together for a five year period following the entry of the divorce decree; the matters were consolidated for the court to rule on whether the controversy should proceed as a contempt action or as a contract action.  The court ruled that the action would continue as an action for contempt and, following a hearing, entered an order granting Wife judgment for the $50,000 Husband had been ordered to pay her in the final decree, subject to set-offs for the cost of an automobile, furniture, and medical and dental expenses Husband provided to Wife or paid on her behalf.  Husband appeals.  We hold that because Wife's action was filed more than ten years after entry of the judgment, it is barred by the statute of limitations at Tennessee Code Annotated section 28-3-110(a)(2); accordingly, we reverse the judgment of the trial court.

 **Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and ANDY D. BENNETT, J., joined.

Neil E. Barnes, Charlotte, Tennessee, for the appellant, Michael Owen Proctor.

Brenda Hamblin Proctor, Dickson, Tennessee, *Pro Se*.

## OPINION

### I.     FACTUAL AND PROCEDURAL HISTORY

Michael Proctor ("Husband") and Brenda Proctor ("Wife") were divorced by final decree entered October 20, 2005, in Dickson County Chancery Court.   The divorce decree incorporated the parties' marital dissolution agreement ("MDA"), executed in June 2005.   The MDA provided that Husband would receive the marital residence and farm, three vehicles, a tractor, a trailer, two horses, some household furnishings, and his clothing and jewelry; Wife would receive her clothing and jewelry, three horses, and various items of furniture.   The agreement also provided:

> As a division of marital assets and a transfer incident to this divorce, the Husband agrees to pay to the Wife the sum of Fifty Thousand and no/100 Dollars ($50,000). . . .   The Husband shall pay to the Wife on or before July 15, 2005, the sum of Twenty Five Thousand and no/100 Dollars ($25,000.00). The Husband shall then make five (5) consecutive annual payments of Five Thousand and no/100 Dollars ($5,000.00) each, with all payments being due on or before July 15th of each year. The Husband shall have the right to satisfy this amount in full at any time.

The couple resumed living together from 2005 to 2010; Husband did not make the payments to Wife as set forth in the decree.[1]

Wife filed a Petition for Contempt on March 31, 2016, alleging that Husband had "willfully and intentionally violated the Orders of this Court by failing to make any of the above mentioned payments."   Wife sought to have Husband held in civil contempt and that she be granted a judgment for the amounts owed to her.

On April 27, 2016, Husband initiated a separate breach of contract action against Wife, alleging that Wife "continued to reside . . . at the residence awarded to [Husband]"; that Wife "refused payment for the amounts as agree[d] to in the Marital Dissolution

---

[1] At oral argument, Wife stated that the $50,000 payment was in exchange for a quitclaim deed on the real property that had been the marital residence. Although Husband's counsel made statements to the contrary in the course of his argument in the trial court, the trial transcript includes Wife's uncontroverted testimony that she executed a quitclaim deed.  The parties' testimony conflicted as to whether the initial $25,000 payment was made.   Wife testified that Husband never offered her a check or cash or assets towards the $50,000 he owed her; Husband testified:

> . . . [S]omewhere near the payment date, I wrote her a check for $25,000 and handed it to her. We was sitting at the table. She said, what's this? I said, it's your first payment of your divorce. And she flipped the check back across to me and said, put it back in the bank and pay bills around here. I'm still living here.

Agreement"; and that Husband "paid all expenses for the Defendant during the period in exchange for an offset of the amounts to be paid per the Marital Dissolution Agreement"; and that Husband "paid on behalf of the [Wife] an amount in excess of the $50,000 obligation for the maintenance and upkeep of the [Wife] during the five year period." He asserted that Wife was "enriched by the provision of housing, food, insurance, and other necessities of life for a period of five years between 2005 and 2010"; that she "induced [Husband] into continuing support while refusing payment under the terms of the agreement"; and that her actions in seeking payment by filing a petition for civil contempt amounted to a breach of the "quasi contract, implied contract, or contract in fact." Husband sought damages in the amount of $60,000 "for the breach or the actual amount of losses suffered in her support during the period plus the amounts incurred in defending the Contempt action filed, whichever is greater." Husband also filed a Motion for Judgment on the Pleadings in the contempt action, asserting that the proceeding was barred by the statute of limitations set forth at Tennessee Code Annotated section 28-3-110, and asking the court to dismiss it.

The court consolidated Wife's contempt action with Husband's breach of contract action and subsequently held that "the statute governing the statute of limitations in this action is Tenn. Code Ann. § 28-3-110. Accordingly, [Husband]'s Motion for Judgment on the Pleadings is denied; as the last payment, at a minimum, was within the applicable statu[t]e of limitations."

Trial was held on August 3, 2018 at which Husband and Wife both testified and numerous exhibits, primarily financial records, were entered into evidence. The trial court entered an order on August 27 in which it held:

1. The Court Order in question is enforceable and has not been modified since entry.
2. The Marital Dissolution Agreement which was incorporated into the Final Decree [of Divorce] made payment of fifty thousand dollars ($50,000.00 USD) from [Husband] to [Wife] a Court ordered property settlement — not alimony.
3. [Wife] was under no obligation to demand payment to make the Court ordered payment of fifty thousand dollars ($50,000.00USD) from [Husband] to [Wife] enforceable.
4. The Court also finds that [Husband] never took any action to remove [Wife] from his home; and, by his own testimony, made clear that he agreed to cohabitate with her. Further, their living together did not modify the aforementioned enforceable obligation.
5. That the day-to-day living expenses of the parties do not constitute an offset to the aforementioned debit; and to find otherwise would constitute a "relationship for pay" which is both contrary to public policy and the laws of the State of Tennessee.

3

WHEREFORE the Court further rules as follows:

6. [Husband] is not in willful contempt of the Marital Dissolution Agreement incorporated into the Final Decree;

7. [Husband] shall not be responsible for debits or legal fees incurred by [Wife] in this cause;

8. [Husband] shall pay to [Wife] fifty thousand dollars ($50,000.00USD) less the following off-sets:

    a) Seven thousand eight hundred dollars ($7,800.00USD) for the automobile purchased by [Husband] and given to [Wife];

    b) Five thousand five hundred dollars ($5,500.00USD) for moneys spent by [Husband] on furniture retained by [Wife]; and

    c) Two thousand nine hundred eighty-nine dollars and fifteen cents ($2,989.15 USD) for moneys spent out-of-pocket by [Husband] on [Wife]'s uncovered medical and dental expenses included in Exhibit #5 to the Final Hearing.

9. [Husband] shall pay to [Wife] thirty-three thousand seven hundred four dollars and 41/100 ($33,710.85 USD) by Wednesday, January 30, 2019.

Husband appeals, articulating a single issue for our review: "Whether the 10 year statute of limitations for action on judgment found in Tenn. Code Ann. § 28-3-110 bars Ms. Proctor's post-divorce contempt action?"

## II.    ANALYSIS

Husband argues that Wife's petition for contempt should have been dismissed based on the ten year statute of limitations at Tennessee Code Annotated section 28-3-110. This presents a question of law which we review *de novo* with no presumption of correctness. *Redwing v. Catholic Bishop for Diocese of Memphis*, 363 S.W.3d 436, 456 (Tenn. 2012); *Collins v. Estate of Collins*, No. E2012-00079-COA-R3CV, 2012 WL 5844745, at *1 (Tenn. Ct. App. Nov. 19, 2012) (citing *Lavin v. Jordon,* 16 S.W.3d 362, 364 (Tenn. 2000)). Statutes of limitations promote "fairness and justice" and "are based on the presumption that persons with the legal capacity to litigate will not delay bringing suit on a meritorious claim beyond a reasonable time." *Redwing,* 363 S.W.3d at 456. "A defense predicated on the statute of limitations triggers the consideration of three components — the length of the limitations period, the accrual of the cause of action, and the applicability of any relevant tolling doctrines." *Id.*

The parties agree that the ten-year limitations applicable to actions on judgments, set forth at Tennessee Code Annotated section 28-3-110 (a)(2), governs this contempt proceeding; that statute provides:

(a) The following actions shall be commenced within ten (10) years after the cause of action accrued:

(2) Actions on judgments and decrees of courts of record of this or any other state or government[.]

The question presented in this appeal is when the cause of action accrued; as to our determination of that issue, we are guided by our Supreme Court's holding in *Redwing v. Catholic Bishop for Diocese of Memphis*:

The concept of accrual relates to the date on which the applicable statute of limitations begins to run. *Columbian Mut. Life Ins. Co. v. Martin,* 175 Tenn. 517, 526, 136 S.W.2d 52, 56 (1940); *see also McSpadden v. Parkenson,* 10 Tenn. [Ct.] App. 11, 18 (1928); 22 Steven W. Feldman, *Tennessee Practice: Contract Law and Practice* § 12:80, at 601 (2006). The traditional accrual rule was that a cause of action accrues and the applicable statute of limitations begins to run "when the plaintiff has a cause of action and the right to sue."

363 S.W.3d 436, 457 (Tenn. 2012). In *Shepard v. Lanier*, the Tennessee Supreme Court held that a cause of action on a judgment or decree accrues "upon the entry of the judgment in the [trial] court." 241 S.W.2d 587, 590–91 (Tenn. 1951) (interpreting § 8601 of the 1932 Code of Tennessee, an earlier enactment of section 28-3-110(a)(2)).

The question of whether the ten-year statute of limitations applicable to judgments begins to run at the entry of the judgment or at a later date upon which the judgment contemplates payment was addressed by this Court in *Marcum-Bush v. Quinn,* No. M2017-01732-COA-R3-CV, 2018 WL 1559972 (Tenn. Ct. App. Mar. 29, 2018), *appeal denied* (July 19, 2018). In that case, the trial court's divorce decree awarded the husband a monetary judgment against the wife, but the obligation to pay the judgment did not arise until real estate owned by wife was sold or two years from the date of the judgment. 2018 WL 1559972, at *1. The decree provided that a lien could be filed against the real property to secure payment of the judgment; the husband never filed the lien. *Id.* The property was sold nearly two years after the entry of the divorce decree, and the wife did not make any payment to the husband. *Id.* Less than ten years after the sale of the property but more than ten years after entry of the divorce decree, the husband filed a petition for contempt against wife, who responded with a motion for judgment on the pleadings, asserting that relief was barred by the ten-year statute of limitations set forth at Tennessee Code Annotated section 28-3-110(a)(2) and because the husband had not extended the judgment under Rule 69.04 of the Tennessee Rules of Civil Procedure. *Id.* The husband withdrew his contempt petition but filed a motion to revive the judgment, which the wife again opposed as being untimely pursuant to section 28-3-110(a)(2). The trial court concluded that the statute of limitations on the judgment did not begin to run until the date the property was sold; this Court disagreed. *Id.* at *1, *4. We observed that

"although payment of the judgment in this case was conditioned on future events (sale of property or two years), parts of the judgment could be enforced upon entry." *Id.* at \*3. We held that the petitioner's cause of action "accrued on entry of the judgment . . . and not upon the subsequent sale of the real property." *Id.*

In the case at bar, under the terms of the MDA, Husband's entire financial obligation to Wife, arising from the division of their marital property, was $50,000, which would be paid within five years of the date the judgment was entered; this obligation was made the order of the court in the final decree. The fact that the parties agreed that the judgment would be paid in installments did not militate against the finality of the judgment or extend the statute of limitations to pursue an action to collect the judgment. Wife did not take any action to enforce the judgment within ten years of its entry, nor did she seek to extend the judgment pursuant to Rule 69.04 of the Tennessee Rules of Civil Procedure[2] or to register the decree to establish a lien on Husband's property pursuant to Tennessee Code Annotated section 25-5-101(b)(1).[3] Consistent with the holdings in *Shepard v. Lanier* and *Marcum-Bush v. Quinn*, we conclude that the cause of action accrued on October 20, 2005 when the divorce decree was entered.

---

[2] That rule, titled "Extension of Time," provides:

> Within ten years from the entry of a judgment, the creditor whose judgment remains unsatisfied may file a motion to extend the judgment for another ten years. A copy of the motion shall be mailed by the judgment creditor to the last known address of the judgment debtor. If no response is filed by the judgment debtor within thirty days of the date the motion is filed with the clerk of court, the motion shall be granted without further notice or hearing, and an order extending the judgment shall be entered by the court. If a response is filed within thirty days of the filing date of the motion, the burden is on the judgment debtor to show why the judgment should not be extended for an additional ten years. The same procedure can be repeated within any additional ten-year period.

Tenn. R. Civ. P. 69.04.

[3] That statute provides:

> Except as provided in subdivision (b)(2), judgments and decrees obtained from and after July 1, 1967, in any court of record and judgments in excess of five hundred dollars ($500) obtained from and after July 1, 1969, in any court of general sessions of this state shall be liens upon the debtor's land from the time a certified copy of the judgment or decree shall be registered in the lien book in the register's office of the county where the land is located. If such records are kept elsewhere, no lien shall take effect from the rendition of such judgments or decrees unless and until a certified copy of the same is registered as otherwise provided by law.

Tenn. Code Ann. § 25-5-101(b)(1).

Wife has not articulated an argument with respect to the third element of the statute of limitations defense as set forth in *Redwing*, *supra* p. 5, the application of any relevant tolling doctrines.

## IV. CONCLUSION

We conclude that Wife's petition for contempt, filed more than ten years after entry of the judgment she sought to enforce, was barred by the statute of limitations set forth at Tennessee Code Annotated section 28-3-110(a)(2). Accordingly, we reverse the judgment of the trial court and remand with instructions to dismiss the petition for contempt.[4]

_____

RICHARD H. DINKINS, JUDGE

---

[4] The trial court did not award Wife her legal fees, and she is representing herself on appeal. In the concluding sentence of her brief, she asks for "all attorney fees that w[ere] denied." Inasmuch as this request is not raised as an issue and argued in accordance with the Rules of Appellate Procedure, we consider it waived and will not address her request. Tenn. R. App. P. 13(b); 27(a)(4), (b).